UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN W. MCKENDRY,

      Plaintiff,

v.

PNC BANK, N.A., et al.,

      Defendant.

_____/

Hon. Paul L. Maloney

Case No. 1:26-cv-00330

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on January 29, 2026, and filed an application to proceed in this Court without prepaying fees or costs, or to proceed *in forma pauperis* (IFP), on the incorrect form.   (ECF Nos. 1, 2).   On January 30, 2026, the Court issued an Order for Plaintiff to, "within seven days from entry of [the] order, submit an amended application on the required AO Form 239."   (ECF No. 5, PageID.23). Plaintiff failed to submit an amended application, and the Court issued a Show Cause Order, requiring Plaintiff to explain "why his case should not be dismissed for want of prosecution and [for his] failure to comply with the Court's Order" by March 16, 2026. (ECF No. 7, PageID.25).   The Court also warned Plaintiff that "[f]ailure to comply with th[e] Order may result in the dismissal of this case for want of prosecution."   (*Id*.). Plaintiff failed to respond to the Show Cause Order.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* FED. R. CIV. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999). These factors weigh in favor of dismissal here. Notably, Plaintiff was warned that failure to respond and comply with the Court's order would result in dismissing Plaintiff's complaint. (ECF No. 7, PageID.25). Accordingly, the undersigned judicial officer recommends that the Court dismiss the complaint for want of prosecution.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.   For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: April 7, 2026                    /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge

-3-